**ALVERSON TAYLOR & SANDERS**
KURT R. BONDS, ESQ.
Nevada Bar #6228
**TREVOR WAITE, ESQ.**
Nevada Bar # 13779
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
(702) 384-7000
efile@alversontaylor.com
*Attorneys for Defendants,*
*GABRIEL ALAN SOLOMON*
*and* RENOVATION REFERRAL LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS NAIMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BLUE RAVEN SOLAR, LLC and RENOVATION REFERRAL LLC and GABRIEL ALAN SOLOMON,<br><br>Defendants | CASE NO. 2:19-cv-01643-JAD-DJY<br><br>**DEFENDANT GABRIEL ALAN SOLOMON MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION AND IMPROPER VENUE PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULES 12(b)(2) AND 12(b)(3)** |

COMES NOW, Defendant, GABRIEL ALAN SOLOMON ("Defendant" or "Solomon"), to move the Court to dismiss the First Amended Complaint ("FAC") filed by Plaintiff LUIS NAIMAN ("Plaintiff") for lack of personal jurisdiction and for improper venue pursuant to Federal Rules of Civil Procedure Rule 12(b)(2) and 12(b)(3) respectively (the "Motion").

This Court does not have personal jurisdiction over Mr. Solomon, a Florida resident. Moreover, his contacts with this district are to attenuated to establish proper venue. Accordingly, Mr. Solomon

1                                                                                                        KB/26574

respectfully requests the Court to dismiss the FAC against him for lack of personal jurisdiction and improper venue.

DATED this **16th** day of September, 2020.

        ALVERSON TAYLOR & SANDERS

/s/ Trevor R. Waite
KURT R. BONDS, ESQ.
Nevada Bar #6228
**TREVOR WAITE, ESQ.**
Nevada Bar # 13779
6605 Grand Montecito Parkway
Suite 200
Las Vegas, Nevada 89149
*Attorneys for Defendants,*
*GABRIEL ALAN SOLOMON*
*and* RENOVATION REFERRAL LLC

# TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................................1
II. **BACKGROUND** ...................................................................................................................1
III. **ARGUMENT**.........................................................................................................................2
    A. Plaintiff cannot meet his burden establish personal jurisdiction with respect Mr. Solomon ........................................................................................................2
    B. Plaintiff cannot establish general personal jurisdiction over Mr. Solomon.............3
    C. Plaintiff cannot establish specific personal jurisdiction..........................................3
    D. Mr. Solomon did not purposefully direct activity towards Nevada ........................5
       1. There is no "intentional act" of Mr. Solomon to violate the TCPA to establish specific jurisdiction..................................................................................5
       2. Plaintiff cannot show that Mr. Solomon directed activity at Nevada to establish specific jurisdiction..................................................................................7
       3. Mr. Solomon can demonstrate fair play requires that this action be dismissed.................................................................................................................8
    E. Venue Is Not Proper ln The District of Nevada as Mr. Solomon's contacts are too attenuated .................................................................................................10
IV. **CONCLUSION** ................................................................................................................ 12

KB/26574

# TABLE OF AUTHORITIES

**Cases**

*Abrahamson v. Berkley*,
2016 WL 8673060 (E.D. Cal. Sept. 2, 2016) ................................................................................ 7

*Allstar Marketing Group, LLC v. Your Store Online, LLC*,
666 F.Supp.2d 1109 (C.D. Cal. 2009) ......................................................................................... 5

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*,
571 U.S. 49 , 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) ............................................................ 11

*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th Cir.2010) ...................................................................................................... 4

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) ........................................................ 3, 4, 8

*Calder v. Jones*,
465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) ............................................................ 4, 7

*Caruth v. International Psychoanalytical Ass'n*,
59 F.3d 126 (9th Cir.1995) .......................................................................................................... 9

*China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*,
2005 WL 1513153 (N.D. Cal. June 27, 2005) ............................................................................ 2

*Core–Vent*,
11 F.3d 1482, 1488 (9th Cir. 1993) ......................................................................................... 8, 9

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) ..................................................................................................... 2

*Davis v. Metro Productions*,
885 F.2d 515 (9th Cir.1989) .................................................................................................... 3, 4

*Declements v. Americana Holdings LLC*,
2020 WL 4220075, (D. Ariz. July 23, 2020) .............................................................................. 5

*Doe 1 v. AOL, LLC*,
552 F.3d 1077 (9th Cir. 2009) ................................................................................................... 10

KB/26574

*Escude Cruz v. Ortho Pharmaceutical Corp.*,
619 F.2d 902 (1st Cir.1980) ..................................................................................................... 3

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
466 U.S. 408 (1984) .................................................................................................................. 2

*Insurance Company of North America v. Marina Salina Cruz*,
649 F.2d 1266 (9th Cir.1981) ................................................................................................... 8

*Int'l Markets Live v. Carney*,
2019 WL 356799 (D. Nev. Jan. 29, 2019) ........................................................................ 4, 7, 8

*Kelly v. Qualitest Pharmaceuticals, Inc.*,
2006 WL 2536627 (E.D. Cal. Aug.31, 2006) ..................................................................... 10, 11

*King v. Russell*,
963 F.2d 1301 (9th Cir. 1992) ................................................................................................ 10

*Lake v. Lake*,
817 F.2d 1416 (9th Cir.1987) ................................................................................................... 3

*Mais v. Gulf Coast Collection Bureau, Inc.*,
2013 WL 1283885 (S.D. Fla. Mar. 27, 2013) ..................................................................... 5, 12

*Martinez v. Aero Caribbean*,
764 F.3d 1062 (9th Cir. 2014) .................................................................................................. 3

*Matsunoki Group, Inc. v. Timberwork Oregon, Inc.*,
2009 WL 1033818 (N.D.Cal. Apr. 16, 2009) ........................................................................... 5

*Mattel, Inc. v. Greiner and Hausser GmbH*,
354 F.3d 857 (9th Cir. 2003) .................................................................................................... 2

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
647 F.3d 1218 (9th Cir. 2011) .......................................................................................... 3, 4, 8

*Maximum Availability Ltd. v. Vision Sols., Inc.*,
2010 WL 11508452 (C.D. Cal. Apr. 1, 2010) .......................................................................... 7

*Mims v. Arrow Fin. Servs., LLC*,
565 U.S. 368 .............................................................................................................................10

*Mogannam v. First Fin. Merch. Servs.*,
2016 WL 561813 (E.D. Cal. Feb. 12, 2016) ............................................................................... 11, 12

*Moser v. Lifewatch Inc.*,
2020 WL 1849664 (S.D. Cal. Apr. 13, 2020) .............................................................................. 6, 7, 8

*Munns v. Clinton*,
822 F. Supp. 2d 1048 (E.D. Cal. 2011) ............................................................................................. 10

*Myers v. Bennett Law Offices*,
238 F.3d 1068 (9th Cir.2001) ............................................................................................................ 10

*North American Lubricants Co. v. Terry*,
2012 WL 1108918 (E.D. Cal. Apr. 2, 2012) ........................................................................................ 2

*NuCal Foods, Inc. v. Quality Egg LLC*,
887 F. Supp. 2d 977 (E.D. Cal. 2012) ..…………………………………………………………10

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) ............................................................................................................. 9

*Pebble Beach Company v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ......................................................................................................... 2, 4

*Piedmont Label Co. v. Sun Garden Packing Co.*,
598 F.2d 491 (9th Cir. 1979) ............................................................................................................. 10

*Richmond Technologies, Inc. v. Aumtech Business Solutions,Inc.*,
2011 WL 2607158 (N.D. Cal. July 1, 2011) ........................................................................................ 4

*Roth v. Garcia Marquez*,
942 F.2d 617 (9th Cir.1991) ................................................................................................................ 9

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ...................................................................................................... 3, 4, 7

*United States v. Gutierrez*,
734 F. App'x 441 (9th Cir. 2018) ........................................................................................................ 4

*Wenz v. Memery Crystal*,
55 F.3d 1503 (10th Cir.1995) .............................................................................................................. 2

**Statutes**

28 U.S.C. § 1391 ............................................................................................................................. 10
28 U.S.C. § 1391(b)(1) ................................................................................................................... 11
28 U.S.C. § 1391(b)(2) ................................................................................................................... 10
47 U.S.C. § 227 ................................................................................................................................ 1
§ 1391(a)(2) .................................................................................................................................... 10

**Rules**

Federal Rule of Civil Procedure 12(b)(2) ........................................................................................ 1
Federal Rules of Civil Procedure 12(b)(3) ................................................................................. 1, 10

KB/26574

## I. INTRODUCTION

Defendant Gabe Solomon ("Mr. Solomon") is a Florida resident and owner of Defendant Renovation Referral, LLC ("Renovation"). Plaintiff's First Amended Complaint ("FAC") seeks to sue Mr. Solomon for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") although there is no contact of Mr. Solomon with this forum. Plaintiff asserts jurisdiction is proper over Mr. Solomon merely because he asserts jurisdiction is proper over Renovation.

Mr. Solomon did not personally participate in the calls at issue and Renovation maintained TCPA compliance policy. (Declaration of Gabriel Solomon, ¶¶ 11-17) Plaintiff's allegations regarding jurisdiction and venue have been controverted.

Plaintiff's lawsuit in this federal district court in Nevada against this Florida resident should be dismissed for lack of personal jurisdiction and improper venue.

## II. BACKGROUND

Plaintiff's FAC asserts that Renovation and Mr. Solomon are liable for individual and class claims under the TCPA based on an April 8, 2019 call made by Renovation. (FAC ¶ 30.) Plaintiff asserts there is personal jurisdiction over both Renovation and Mr. Solomon because they engaged in the actual automated calling into this District." (FAC ¶ 11.)

Specifically, he claims:

> Mr. Solomon personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called; (b) choosing the automated equipment that would be used; (c) personally loading the lists of numbers and sending the calls at issue; and (d) personally authorizing any other conduct of Renovation Referral.

(FAC ¶ 27.)

However, Mr. Solomon did not personally load lists of numbers or send the calls at issue, or specifically select Plaintiff's number to be called (Solomon Decl. ¶¶13, 15-17.) Moreover, Renovation maintained a TCPA compliance policy. (Solomon Decl. ¶¶ 11-12, 14.) Plaintiff's allegations of Solomon's direct participation in TCPA violations by Renovation have therefore been

controverted. Plaintiff cannot maintain his lawsuit against Mr. Solomon in this Court, as it lacks personal jurisdiction.

### III. ARGUMENT

#### A. Plaintiff cannot meet his burden establish personal jurisdiction with respect to Mr. Solomon

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of an action when the court lacks personal jurisdiction over the defendant. The party seeking to invoke the federal court's jurisdiction bears the burden of demonstrating jurisdiction. *Pebble Beach Company v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). While the court reviews motions to dismiss for lack of personal jurisdiction in the light most favorable to the non-moving party, "when there is a conflict between the complaint and an affidavit, plaintiff cannot rely solely on the complaint to establish jurisdictional facts." *North American Lubricants Co. v. Terry*, 2012 WL 1108918, at *4 (E.D. Cal. Apr. 2, 2012) (citing *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). In addition, the court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir.1995); *China Technology Global Corp. v. Fuller, Tubb, Pomeroy & Stokes*, 2005 WL 1513153, at *3 (N.D. Cal. June 27, 2005). If the court considers only written materials, plaintiff must show facts, which if true, would establish personal jurisdiction over defendants. *Mattel, Inc. v. Greiner and Hausser GmbH*, 354 F.3d 857, 862 (9th Cir. 2003).

Plaintiff may show the existence of either general personal jurisdiction or specific personal jurisdiction. A court may exercise general jurisdiction over a defendant when the defendant is a resident or domiciliary of the forum state, or if his contacts with the forum state are continuous, systematic, and substantial. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984).

///

9                              KB/26574

**B.     Plaintiff cannot establish general personal jurisdiction over Mr. Solomon**

General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state are so constant and pervasive as to render it essentially at home in the state." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014) (internal quotation marks and citations omitted).

Mr. Solomon does not maintain a presence in Nevada.  (Solomon Decl. ¶¶ 6-8.)  Plaintiff cannot establish Mr. Solomon's contacts are "so constant and pervasive as to render [him] essentially home" in California.  *Martinez*, 764 F.3d at 1066.

**C.     Plaintiff cannot establish specific personal jurisdiction**

"[C]ases which have found personal liability on the part of corporate officers have typically involved instances where the defendant was the 'guiding spirit' behind the wrongful conduct ... or the 'central figure' in the challenged corporate activity." *Davis v. Metro Productions*, 885 F.2d 515, 523-24, n.10 (9th Cir.1989) (quoting *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907 (1st Cir.1980)).

The "constitutional touchstone" of specific jurisdiction is "whether the defendant purposefully established 'minimum contacts' in forum State," and the plaintiff's claim arose out of those contacts.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Ninth Circuit has devised a three-part test for analyzing claims of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protects of its laws; (2) the claim must be one which arises out of or relates to defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice; i.e. it must be reasonable.

*Mavrix Photo, Inc. v. Brand Techs., Inc.,* 647 F.3d 1218, 1227-1228 (9th Cir. 2011) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (in turn quoting *Lake*

*v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)). Plaintiff bears the burden of satisfying the first two prongs of this test. *Id.* If they do, "the burden then shifts to the defendant[s] to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

The "purposeful direction" doctrine in turn relies on the "effects" test of *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), which requires that " 'the defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.' " *Mavrix Photo*, 647 F.3d at 1228 (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir.2010)).

Generally, the "purposeful availment" analysis is used for cases sounding in contract while the "purposeful direction" analysis applies to cases sounding in tort. *Pebble Beach*, 453 F.3d at 1155; *see Richmond Technologies, Inc. v. Aumtech Business Solutions, Inc.*, 2011 WL 2607158 at *4 (N.D. Cal. July 1, 2011) (applying the purposeful availment test exclusively when the tort claims arose out of the contractual relationship between the parties). *See also Int'l Markets Live v. Carney*, No. 218CV00187JADGWF, 2019 WL 356799, at *3 (D. Nev. Jan. 29, 2019) (Dorsey, J.) (applying purposeful-direction framework "Because the plaintiffs allege that Carney made tortious statements outside of Nevada that affected them within this state, and because Carney avers he has no property or business interests in Nevada.")

"It is fundamental ... that a 'corporation is a distinct legal entity separate from its stockholders and from its officers.'" *United States v. Gutierrez*, 734 F. App'x 441, 445 (9th Cir. 2018) (citations omitted). The mere fact that a corporation is subject to local jurisdiction does not necessarily mean its nonresident officers, directors, agents, and employees are subject to jurisdiction as well. *See Calder*, 465 U.S. 783, 790; *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 521 (9th Cir. 1989).

However, "[a] corporate officer's contacts on behalf of a corporation [can be] sufficient to subject the officer to personal jurisdiction where the officer is a primary participant in the alleged wrongdoing or had control of, and direct participation in the alleged activities." *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F.Supp.2d 1109, 1120 (C.D. Cal. 2009) (quoting *Matsunoki Group, Inc. v. Timberwork Oregon, Inc.*, 2009 WL 1033818, at *3–4 (N.D.Cal. Apr. 16, 2009)).

There is no showing that Mr. Solomon engaged in direct participation in conduct that violated the TCPA. (Solomon Decl. ¶¶ 8-17.) Plaintiff's allegations that "Mr. Solomon personally participated in the actions complained of by (a) selecting some of the phone numbers that would be called" and "(b) choosing the automated equipment that would be used" (FAC ¶ 27) is insufficient. *See Declements v. Americana Holdings LLC,* No. CV-20-00166-PHX-DLR, 2020 WL 4220075, (D. Ariz. July 23, 2020).

The Court in *Declements* granted a 12(b)(6) motion to dismiss TCPA claims against an individual defendant that only related to high involvement in the calling practices of the company, stating in pertinent part:

> **Furthermore, even if Mr. Stark had recommended the autodialer service, the TCPA does not prohibit the mere use of an autodialer**. Second, and relatedly, even assuming Mr. Berube's actions could be attributed to Mr. Stark, Plaintiff has not shown that Mr. Stark can be held liable for TCPA violations because Plaintiff does not allege that Mr. Berube directed agents use an autodialer in any way that violates the TCPA. Dismissal of Plaintiff's TCPA claim against Mr. Stark is therefore appropriate.

*Id.* (emphasis added).

Under these facts, Plaintiff is asserting at best that because Mr. Solomon is owner of Renovation, this subjects him to personal exposure under the TCPA.   This is clearly insufficient to establish specific jurisdiction, as shown below.

///

12                                         KB/26574

### D. Mr. Solomon did not purposefully direct activity towards Nevada

### 1. There is no "intentional act" of Mr. Solomon to violate the TCPA to establish specific jurisdiction

In the TCPA context, Plaintiff must demonstrate at a minimum, that the Mr. Solomon purposefully directed or was involved in conduct <u>that violates the TCPA</u>. *See, e.g., Mais v. Gulf Coast Collection Bureau, Inc*., No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *4 (S.D. Fla. Mar. 27, 2013). That Court stated in pertinent part when granting summary judgment:

> While the Court passes no judgment here on whether the chosen policies were sufficient under the TCPA, and likewise does not comment on whether Gulf Coast is liable for any violations, the undisputed record evidence is insufficient to find Brown individually liable for personally authorizing or participating in the commission of wrongful acts. ***This Court is unwilling to find a corporate officer individually liable where he attempted to implement policies that complied with the statute and did not have any direct participation in the allegedly violative conduct, even if the corporation is itself liable***. To hold otherwise, would countenance personal liability for corporate officials too easily. Corporate officers are generally not liable merely because the corporation has violated the law, and this Court is not going to leave the door wide open for such liability here.

*Id.* (emphasis added).

Plaintiff's FAC makes no showing that Mr. Solomon failed to take efforts to implement appropriate TCPA policies or procedures. In fact, it is to the contrary—Renovation maintained a TCPA compliance policy (Solomon Decl. ¶¶ 11-14.)

The fact that Mr. Solomon is owner of Renovation is insufficient by itself to establish jurisdiction. *Moser v. Lifewatch Inc*., No. 19-CV-831-WQH-BLM, 2020 WL 1849664, at *8 (S.D. Cal. Apr. 13, 2020). In that case, the plaintiff sued individual David Roman and corporate defendants Lifewatch, Inc. ("Lifewatch") and Medguard Alert, Inc. ("Medguard") for violations of the TCPA. *Id.* at *1. The plaintiff in *Moser* alleged that Roman committed intentional acts by conducting business in California for Lifewatch and Medguard and by ordering or conducting the

alleged telephone calls to plaintiff. *Id.* He alleged Roman was Vice-President and Chairman of Lifewatch and the President, CEO, and Treasurer of Medguard. *Id.* at *2.

Roman was a Connecticut resident, and filed a motion to dismiss for lack of personal jurisdiction. *Id.* at *2, 6. In granting the motion, the Court in *Moser* held that the plaintiff's allegation that Roman conducted business in California was conclusory. *Id.* at *8. More importantly, it held that Roman controverted plaintiff's allegation that Roman conducted or ordered the calls to Moser in California. *Id.* According to the Court:

> **The Court cannot conclude that Roman committed any intentional act that was expressly aimed at California**. Moser fails to meet his burden to establish that Roman "purposefully direct[s] his activities" towards California. Axiom Foods, Inc., 874 F.3d at 1068 (quotation omitted). The Court concludes that it lacks personal jurisdiction over Defendant Roman.

*Id.* (emphasis added).

Just as in *Moser*, Mr. Solomon has controverted Plaintiff's allegation that he conducted or ordered the calls to Plaintiff in Nevada. (Solomon Decl. ¶¶ 9-17)

Moreover, Plaintiff cannot show that Mr. Solomon directed his conduct at Nevada, as shown below.

**2. Plaintiff cannot show that Mr. Solomon directed activity at Nevada to establish specific jurisdiction.**

In *Cader*, the Supreme Court distinguished between "mere untargeted negligence," but rather "intentional, and allegedly tortious, actions were expressly aimed at California." *Calder*, 465 U.S. at 783. Without express aiming, there is no purposeful direction. *See Schwarzenegger*, 374 F.3d at 803. *Abrahamson v. Berkley*, No. 1:16-CV-0348 AWI BAM, 2016 WL 8673060, at *7 (E.D. Cal. Sept. 2, 2016); *Maximum Availability Ltd. v. Vision Sols., Inc.*, No. CV 10-1488-GW(RZX), 2010 WL 11508452, at *9 (C.D. Cal. Apr. 1, 2010).

Actions of defendant in another state do not establish "express aiming." *Int'l Markets*, 2019 WL 356799, at *3. In *Int'l Markets*, the plaintiffs International Markets Live (IML) and Christopher

Terry sued defendant Scott Carney in this District for defamation and tortious interference with contractual relationships and with prospective economic advantage. *Id.* at *1.

These claims were based on defendant's statement on his Facebook page. *Id.* The defendant, a Florida resident, filed a motion to dismiss for lack of subject matter jurisdiction. *Id.*

On the issue of express aiming, this Court held that based on the allegations made, it was difficult to see how plaintiff's torts were directed towards Nevada. *Id.* at *3. Key to the decision in *Int'l Markets* was the plaintiff did not assert that the conduct occurred in Nevada. And because he posted the statements on his own Facebook page outside of Nevada, he had no discernable intent that the statements be read primarily—or to any degree—by a Nevada audience. *Id.*

In granting the motion to dismiss for lack of subject matter jurisdiction, this Court stated in pertinent part:

> "Because it appears here that the only connection between the plaintiffs' claims and Nevada is the fact that Carney knew that Terry lived in Las Vegas, I find that their allegations do not establish that Carney expressly aimed his conduct towards this state and that personal jurisdiction over him is therefore lacking. So, I dismiss all claims against Carney without prejudice."

*Id.* (emphasis added).

The decision in *Int'l Markets* is in line with the decision in *Moser*, which held in the TCPA context that the actions of a corporate officer in Connecticut did not establish express aiming towards California for the purposes of jurisdiction. 2020 WL 1849664, at *8.

This Court lacks jurisdiction over Mr. Moser.

**3.     Mr. Solomon can demonstrate fair play requires that this action be dismissed**

The exercise of specific jurisdiction must comport with fair play and substantial justice; i.e. it must be reasonable. *Mavrix Photo, Inc.*, 647 F.3d at 1227-1228. This third element should be analyzed according to the following factors: (1) extent of defendant's purposeful availment, (2) burden on defendant, (3) conflict of sovereignty with defendant's state, (4) forum state's interest in

15                                                                                       KB/26574

litigation, (5) interstate interest in efficient adjudication, (6) plaintiff's interests, and (7) existence of an alternate forum. *Burger King*, 471 U.S. at 476–78.

With respect to the first factor "Even if there is sufficient 'interjection' into the state to satisfy the purposeful availment prong, the degree of interjection is a factor to be weighed in assessing the overall reasonableness of jurisdiction under the reasonableness prong." *Core-Vent Corp. v. Nobel Indus. AB,* 11 F.3d 1482, 1488 (9th Cir. 1993) (citing *Insurance Company of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir.1981)). Mr. Solomon did not call into Nevada. (Solomon Decl. ¶¶ 8-10, 15-17) This factor favors Mr. Solomon.

With respect to the second factor, a defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the "inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128–29 (9th Cir.1995) (citing *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir.1991)). The burden to Mr. Solomon, a resident in Florida, in litigating in Nevada is clearly inconvenient. This factor favors Mr. Solomon. There is no clear justification for the exercise of jurisdiction.

With respect to the third factor, the federal analysis of the TCPA would be the same in either Florida or Nevada. *See, e.g., Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (holding "The federal analysis would be the same in either Illinois or California. In this circumstance, the exercise of jurisdiction by a federal court in California does not implicate sovereignty concerns of Illinois.) This factor is neutral.

The fourth factor, the forum state's interest in the dispute, favors Plaintiff slightly.

The fifth factor—efficient judicial resolution—focuses on the location of the evidence and witnesses. *Panavision*, 141 F.3d at 1323. Plaintiff is located in Nevada, but Renovation and Mr. Solomon are located in Florida. (Solomon Decl. ¶¶ 4, 6) This factor either favors Mr. Solomon or is neutral.

16  KB/26574

With respect to the sixth factor, convenience and effectiveness of relief for the plaintiff, the Court gives little weight to the plaintiff's inconvenience. *Panavision*, 141 F.3d at 1324 .

With respect to the seventh factor, the Southern District of Florida presents an alternative forum for Plaintiff's case against Mr. Solomon. "The plaintiff bears the burden of proving the unavailability of an alternative forum…" *Core–Vent Corp.*, 11 F.3d at 1490.

Factors 1 and 7 favor Mr. Solomon. Only factor 4 possibly favors Plaintiff. Given that the balance of these factors favor Mr. Solomon, this action should be dismissed. As shown above, the Individual Defendants' purposeful availment is limited or nonexistent. "To hold otherwise, would countenance personal liability for corporate officials too easily. Corporate officers are generally not liable merely because the corporation has violated the law, and this Court is not going to leave the door wide open for such liability here." *Nucal, supra* at 983.

There is no showing that Mr. Solomon participated in any wrongful conduct directed towards Nevada. Plaintiff's FAC lacks personal jurisdiction over him and should be dismissed.

**E.      Venue Is Not Proper ln The District of Nevada as Mr. Solomon's contacts are too attenuated**

Fed. R. Civ. P. 12(b)(3) authorizes a motion to dismiss for improper venue. The general venue rules in 28 U.S.C. § 1391 govern private TCPA actions. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 381 n. 11, 132 S. Ct. 740, 181 L. Ed. 2d 881 (2012). As relevant to this action, section 1391 provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...." 28 U.S.C. § 1391(b)(2).

Once the propriety of venue is challenged pursuant to Rule 12(b)(3), the plaintiff bears the burden of proving that venue is proper. *Munns v. Clinton*, 822 F. Supp. 2d 1048, 1079 (E.D. Cal. 2011) (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). When considering a motion to dismiss for improper venue, a court need not accept the pleadings as true and may consider facts outside of the pleadings. *Doe 1 v. AOL, LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). The decision to dismiss for improper venue, or alternatively to transfer venue to a

17                                                                KB/26574

proper court, is a matter within the sound discretion of the district court. *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

In determining whether events or omissions are sufficiently substantial to support venue under § 1391(a)(2), "the court should generally focus on activities of the defendant and not the activities of plaintiff." *Kelly v. Qualitest Pharmaceuticals, Inc*., 2006 WL 2536627 at *8 (E.D. Cal. Aug.31, 2006) (citing *Jenkins Brick Co. v. Bremer,* 321 F.3d 1366, 1371-72 (11th Cir. 2003). In tort actions, "the locus of the injury [is] a relevant factor" in determining whether venue is proper. *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir.2001). However, locus of the injury is not necessarily dispositive. *Kelly,* 2006 WL 2536627 at *8.

The plaintiff in *Kelly* brought suit in the Eastern District of California, alleging that the defendant, an Alabama corporation, was negligent in selling the drug Elavil to an improperly licensed online pharmacy residing in New Jersey. *Kelly*, 2006 WL 2536627, at *9. The *Kelly* Court concluded that the plaintiff's alleged injury—the suicide of her daughter and grandson-which occurred in the Eastern District of California, did not constitute a substantial part of the events or omissions giving rise to her claim, since "the allegations indicate[d] attenuated conduct by Defendant that occurred in Alabama that, at best, was directed towards entities in New Jersey." *Id.* at *11.

Plaintiff contends that venue is proper in the District of Nevada under 28 U.S.C. § 1391(b)(1) because "Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this district, as the automated call at issue was made to and received by the Plaintiff in this district." (FAC ¶ 12) Plaintiff, however, fails to make any specific allegations to establish that a "substantial part" of Mr. Solomon's conduct actually occurred in the District of Nevada, let alone to substantiate such claims with any admissible evidence. *See, e.g., Mogannam v. First Fin. Merch. Servs.,* No. 15-CV-00827-TLN-CKD, 2016 WL 561813, at *4 (E.D. Cal. Feb. 12, 2016). In that case, in the context of deciding a forum *non conveniens* in a TCPA action, the court held that the plaintiff contended that

18                                                              KB/26574

a substantial part of events giving rise to his claim took place in the Eastern District of California. *Id.* The Court in *Mogannam* held that "even if the Court accepted that the phone call was unsolicited, a substantial part of the events giving rise to Plaintiff's claim took place where the call originated, that being in Minnesota…Thus, the events do not amount to a "localized" controversy best "decided at home." *Id.* citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 n.6, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013)

Similarly, if the calls alleged by Plaintiff were made from Florida, then a substantial part of the events took place there—not the District of Nevada.  Regardless, Mr. Solomon did not make those calls. (Solomon Decl. ¶¶ 9-11.) Although Plaintiff may claim that the locus of her injury was in Nevada, per *Kelly*, ("[e]vents or omissions that might only have some tangential connection with, or no real relationship to, the claims in litigation are not sufficiently 'substantial' to support venue"). *Id.* at *8. Here, Mr. Solomon is associated with a policy to comply with the TCPA that was applied in Florida.  The actions of Mr. Solomon do not have a substantial relationship to the claims in the litigation. *See Mais*, 2013 WL 1283885, at *4. ("This Court is unwilling to find a corporate officer individually liable where he attempted to implement policies that complied with the statute…")

Plaintiff's FAC against Mr. Solomon should be dismissed for improper venue.

///
///
///
///
///
///
///
///
///

19                                           KB/26574

## IV. CONCLUSION

Mr. Solomon is a Florida resident, and has controverted any allegation that he directly participated in the TCPA conduct at issue. Plaintiff's FAC fails to establish personal jurisdiction as to Mr. Solomon and venue is improper in the District of Nevada. Plaintiff's FAC as to Mr. Solomon should be dismissed with prejudice.

DATED this **16th** day of September, 2020.

>ALVERSON TAYLOR & SANDERS
>/s/ Trevor R. Waite
>KURT R. BONDS, ESQ.
>Nevada Bar #6228
>**TREVOR WAITE, ESQ.**
>Nevada Bar # 13779
>6605 Grand Montecito Parkway
>Suite 200
>Las Vegas, Nevada 89149
>*Attorneys for Defendants,*
>*GABRIEL ALAN SOLOMON*
>*and* RENOVATION REFERRAL LLC

20                                                              KB/26574