Kenneth E. Payson (admitted *pro hac vice*)
Davis Wright Tremaine LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104
Telephone: (206) 757-8126
*kennethpayson@dwt.com*

James H. Moon (admitted *pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017
Telephone: (213) 633-6819
*jamesmoon@dwt.com*

Jeff Silvestri (Nevada Bar No. 5779)
McDonald Carano LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
Telephone: (702) 873-4100
*jsilvestri@mcdonaldcarano.com*

*Attorneys for Defendant Blue Raven Solar, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LOUIS NAIMAN,<br><br>Plaintiff,<br><br>vs.<br><br>BLUE RAVEN SOLAR, LLC; RENOVATION REFERRAL, LLC; and GABRIEL ALAN SOLOMON,<br><br>Defendants. | No. 2:19-cv-01643-JAD-EJY<br><br>**DEFENDANT BLUE RAVEN SOLAR, LLC'S NOTICE OF RELATED CASES AND UNOPPOSED MOTION TO CONSOLIDATE**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>[*Declaration of Kenneth E. Payson; Index of Exhibits Filed Concurrently*]<br><br>Action Filed:   September 18, 2019 |

**TO THE COURT, THE PARTIES, AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that Defendant Blue Raven Solar, LLC ("Blue Raven") hereby submits this Notice of Related Cases and Unopposed Motion to Consolidate pursuant to Local Rule 42-1 and Federal Rule of Civil Procedure 42 based on the overlapping parties, claims, and factual and legal issues in (1) *Naiman v. Blue Raven Solar, LLC*, No. 2:19-cv-01643-JAD-EJY (before the Honorable Jennifer A. Dorsey), and (2) *Johansen v. Blue Raven Solar, LLC*, No. 2:20-cv-02116-JCM-BNW (before the Honorable James C. Mahan).

Both cases were filed against Defendants Blue Raven, Renovation Referral, LLC ("Renovation"), and Gabriel Solomon (collectively, "Defendants"), involve claims for violation of the Telephone Consumer Protection Act ("TCPA"), and will require decisions on overlapping issues and defenses, including whether Blue Raven may be held vicariously liable for the calling activity of Renovation and whether Renovation obtained consent to dial plaintiffs and the overlapping putative class. The *Naiman* Court has substantial familiarity with the underlying issues, and has taken under consideration Blue Raven's Motion for Summary Judgment on the vicarious liability issue. **The other parties to the *Naiman* and *Johansen* Actions have consented to consolidating the two actions**.

Pursuant to Local Rule 42-1(b), this Motion is being filed and served in both actions but should be decided by Judge Dorsey, the judge in the earlier-filed *Naiman* action.

This motion is based on this notice and motion; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Kenneth E. Payson; all pleadings, records, and files in the *Naiman* and *Johansen* actions; and such evidence and argument as may be presented at or before the hearing on this motion.

Dated:  November 30, 2020

 /s/ Kenneth E. Payson
Kenneth E. Payson (admitted *pro hac vice*)
Davis Wright Tremaine LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104

2

(206) 757-8126
*kennethpayson@dwt.com*

James H. Moon (admitted *pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017
(213) 633-6819
*jamesmoon@dwt.com*

Jeff Silvestri (Nevada Bar No. 5779)
McDonald Carano LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
(702) 873-4100
*jsilvestri@mcdonaldcarano.com*

*Attorneys for Defendant Blue Raven Solar, LLC*

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 622-3150 FAX: (206) 757-7700

3

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

The Court should consolidate the pending actions (1) *Naiman v. Blue Raven Solar, LLC*, No. 2:19-cv-01643-JAD-EJ (the "*Naiman* Action"), and (2) *Johansen v. Blue Raven Solar, LLC*, No. 2:20-cv-02116-JCM-BNW (the "*Johansen* Action") because they involve overlapping parties, claims, and factual and legal issues.

The *Naiman* Action was filed in this Court on September 18, 2019.  The *Johansen* Action was filed nine months later on June 5, 2020, in the United States District Court for the Southern District of Ohio.  On November 17, 2020, the Ohio court granted Blue Raven's motion to transfer the *Johansen* Action to this Court based on the substantial similarities in parties and issues as the *Naiman* Action.  (*See* Decl. of Kenneth E. Payson ("Payson Decl."), Ex. F (Transfer Order) at 1-2.)

Both cases involve allegations that Defendants Blue Raven Solar, LLC ("Blue Raven"), Renovation Referral, LLC ("Renovation"), and Renovation's owner Gabriel Solomon (collectively, "Defendants") violated the Telephone Consumer Protection Act ("TCPA"). (Payson Decl., Ex. A (*Naiman* Am. Compl.) ¶¶ 47-63; *id.*, Ex. B (*Johansen* Compl.) ¶¶ 63-67.) Although the named plaintiffs in both actions are different, they are both represented by the same attorneys and seek to represent an overlapping national class of individuals called by Renovation as part of its lead-generation activities for Blue Raven.  (*Id.*, Ex. A ¶ 55; *id.*, Ex. B ¶ 52.)

The threshold issue in both cases is whether Blue Raven may be held vicariously liable under the TCPA for the calling activities of Renovation based on a theory of actual agency, implied agency, or ratification.  The *Naiman* Court is already familiar with these issues because they have been fully briefed in Blue Raven's pending Motion for Summary Judgment in the *Naiman* Action.  (*See* Payson Decl., Ex. D.)  The *Naiman* Court previously granted Blue Raven's Motion for Protective Order phasing discovery and initially limiting it to the threshold vicarious liability issue.  (*See id.*, Ex. C.)  If this case continues beyond summary judgment, both actions will also involve litigation of related issues regarding whether Renovation obtained proper

4

consent to dial putative class members and the named plaintiffs, which would serve as an absolute defense in both actions. The exact same evidence would be necessary for both actions.

Given these substantial commonalities of the parties, claims, and issues, the pending actions easily meet the standard for consolidation. *See* Fed. R. Civ. P. 42(a) (allowing consolidation "[i]f actions before the court involve a common question of law or fact"); L.R. 42-1(b) (a party may file a motion to consolidate when "it reasonably appears the actions involve common questions of law or fact and consolidation would aid in the efficient and economic disposition of an action"). Indeed, the United States District Court for the Southern District of Ohio transferred the *Johansen* Action to this Court precisely because of the similarities in parties, claims, and issues in the two actions. (*See* Payson Decl., Ex. F (Transfer Order) at 1-2.) As the Ohio court explained, "the parties in the two cases are substantially similar, including identical defendants." (*Id.* at 2.) In addition, "the cases involve substantial overlap of identical and dispositive issues" (*id.*), including Blue Raven's absolute defense that it is not vicariously liable for the calling activity of Renovation. (*See id.*, Ex. E (Mot. to Transfer) at 8-11.)

The Court should consolidate the *Naiman* Action and *Johansen* Action to avoid inefficient and duplicative legal proceedings involving substantially similar parties, claims and defenses, and the risk of inconsistent judgment on identical issues.

## II.     FACTUAL BACKGROUND

### A.     Renovation Provides Lead-Generation Services to Blue Raven

Blue Raven is a Utah limited liability company with its principal place of business in Utah. (Payson Decl., Ex. A (*Naiman* Am. Compl.) ¶ 7; *id.*, Ex. B (*Johansen* Compl.) ¶ 7.) The company offers solar panel services and products to homeowners across the country. (*Id.*, Ex. A ¶¶ 39-42; *id.*, Ex. B ¶ 21.) To reach its target consumers, Blue Raven bolsters its internal marketing activities with lead referrals from third-party vendors, including a Florida limited liability company called Renovation. (*Id.*, Ex. A ¶ 54; *id.*, Ex. B ¶ 22.) Mr. Solomon owns and operates Renovation. (*Id.*, Ex. A ¶ 9; *id.*, Ex. B ¶ 9.) Based on allegedly unauthorized calling

activity by Renovation to generate leads for Blue Raven, all three Defendants are currently co-defendants in two TCPA class action proceedings before this Court.

### B.  Mr. Naiman Files a Lawsuit in This Court in September 2019

On September 18, 2019, Mr. Naiman filed a putative class action against Blue Raven in this Court alleging violations of the TCPA based on a single allegedly unauthorized phone call he received from Renovation on April 8, 2019.  (*See* Payson Decl. ¶ 2, Ex. A ¶¶ 76-79.)  Mr. Naiman concedes that Blue Raven did not call him and that his claims against Blue Raven are based exclusively on the theory that Blue Raven is vicariously liable for Renovation's alleged calls.  (*See id.*, Ex. A ¶¶ 47-63.)  Mr. Naiman seeks to represent a class defined as:

> All persons within the United States to whom: (a) Blue Raven Solar, and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) promoting Blue Raven Solar products or services; (c) to their cellular telephone number; (d) using an automatic telephone dialing system or an artificial or prerecorded voice; and (e) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

(*Id.*, Ex. A ¶ 55.)

### C.  A Motion for Summary Judgment Is Pending in the *Naiman* Action

On January 14, 2020, in response to Blue Raven's Motion for a Protective Order in the *Naiman* Action, the Court ordered phased discovery, with the first phase limited to discovery regarding the issue of whether Blue Raven may be held vicariously liable for Renovation's purported calling activity.  (*See* Payson Decl., Ex. C.)  That phase of discovery is now complete.  (*Id.* ¶ 4.)  Blue Raven has provided Mr. Naiman with responses to written discovery and has completed its production of promised documents.  (*Id.*)  Mr. Naiman completed the deposition of Blue Raven's 30(b)(6) corporate representative, Christopher Harman, and Blue Raven's former employee, Ezra Hernandez.  (*Id.*)  Blue Raven filed a motion for summary judgment on the issue of its vicarious liability on September 20, 2020, which is fully briefed and currently pending in the *Naiman* Action.  (*Id.* ¶ 5, Ex. D.)

**D.     Mr. Johansen Files a Similar Action in Ohio in June 2020**

On June 5, 2020, Mr. Johansen filed a putative class action lawsuit in the Southern District of Ohio against the same three Defendants based again on Renovation's purported violation of the TCPA and Blue Raven's purported vicarious liability for Renovation's calling activity.  (*See* Payson Decl., Ex. B ¶¶ 63-67.)  Mr. Johansen alleges that Renovation called his phone number even though it was listed on the National Do-Not-Call Registry.  (*See id.*, Ex. B ¶ 3.)  Mr. Johansen seeks to represent a class defined as:

> All persons in the United States (1) whose phone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendants (3) within a 12-month period, (4) from four years prior the [sic] filing of the Complaint.

(*Id.* ¶ 52.)  Mr. Johansen is represented by the same attorneys representing Mr. Naiman.  (Payson Decl. ¶ 2.)  Mr. Johansen's claims against Blue Raven are also based on the theory that Blue Raven is vicariously liable for Renovation's alleged calls.  (*Id.*, Ex. B ¶¶ 34-50.)[1]

**E.     The *Johansen* Action Is Transferred to This Court**

On November 17, 2020, the Ohio court granted Blue Raven's Motion to Transfer the *Johansen* Action to this Court pursuant to the "first-to-file" rule.  (Payson Decl., Ex. F at 1.)  "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment."  (*Id.*)  The Ohio court found the rule applicable because "the parties in the two cases are substantially similar, including identical defendants," and "the cases involve substantial overlap of identical and dispositive issues."  (*Id.* at 2.)  Defendants Renovation and Mr. Solomon joined in the motion to transfer, and Mr. Johansen did not oppose the motion.  (*Id.* at 1.)

---

[1] Mr. Johansen's attorneys appear to have used their *Naiman* complaint as a template for their complaint in this action, often using identical allegations.  (*See* Payson Decl., Ex. G (comparison of complaints).)  The "Preliminary Statement" in both complaints is exactly the same except changing the plaintiff's name and changing references to the "Do Not Call List" to automated calling.  (*Id.*, Ex. G at 1.)  Both pleadings include nearly identical allegations regarding Blue Raven's "Liability for Renovation Referral's Conduct."  (*See id.*, Ex. G at 10-14.)

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 622-3150 FAX: (206) 757-7700

**F.     Both Cases Are Now Pending in This Court Before Different Judges**

Following the transfer to this Court, the *Johansen* Action was assigned case number 2:20-cv-02116-JCM-BNW (ECF No. 40), and randomly assigned to District Judge James C. Mahan and Magistrate Judge Brenda Weksler.  The *Naiman* Action has been proceeding before District Judge Jennifer A. Dorsey and Magistrate Judge Elayna J. Youchah.

On November 17, 2020, Blue Raven's counsel reached out to counsel for the parties in both the *Naiman* Action and *Johansen* Action regarding their positions regarding consolidation. (*See* Payson Decl. ¶ 10, Ex. H.)  All parties indicated that they consent to consolidation. (*Id.*)  In particular, counsel for the plaintiffs and counsel for Mr. Solomon and Renovation indicated that they consent to consolidation on November 25, 2020 and November 30, 2020, respectively. (*Id.*)

### III.    ARGUMENT

**A.     The *Naiman* Action and *Johansen* Action Should Be Consolidated.**

Pursuant to Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  Under Local Rule 42-1(b), a party may file a motion to consolidate when "it reasonably appears the actions involve common questions of law or fact and consolidation would aid in the efficient and economic disposition of an action." *Harrington v. Tackett*, 2019 U.S. Dist. LEXIS 118331, at *15 (D. Nev. July 11, 2019).

"The district court has broad discretion . . . to consolidate cases pending in the same district." *Inv'rs Research Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989). "In determining whether to consolidate, the court 'weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.'" *Harrington*, 2019 U.S. Dist. LEXIS 118331, at *15 (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).  "Generally, 'unless the party opposing [consolidation] can show demonstrable prejudice' consolidation is appropriate." *Long v. Las Vegas Valley Water Dist.*, 2015 U.S. Dist.

LEXIS 119234, at *4 (D. Nev. Sep. 4, 2015). "Furthermore, it is not uncommon for courts to consolidate cases for purposes of discovery only." *Id.*

"Consolidation requires only a common question of law or fact; perfect identity between all facts and issues . . . is not required, so long as there is some commonality of issues." *Willows Account, LLC v. AG/ICC Willows Loan Owner, LLC*, 2014 U.S. Dist. LEXIS 76872, at *4 (D. Nev. May 28, 2014). The pending actions easily meet this standard because they involve substantially overlapping parties, claims, defenses, and evidence.

*First*, the two actions involve TCPA claims against the same parties. The three Defendants—Blue Raven, Renovation, and Mr. Solomon—are identical in both cases. (*See* Payson Decl., Ex. A ¶¶ 7-9; *id.*, Ex. B ¶¶ 7-9.) Although the named plaintiffs are different, they are represented by the same attorneys. (*See id.* ¶¶ 2-3.) Both named plaintiffs seek to represent an overlapping national class of individuals who received calls from or on behalf of Blue Raven in violation of the TCPA. (*See id.*, Ex. A ¶ 55; *id.*, Ex. B ¶ 52.) In particular, both classes require its members to have received telemarketing calls on behalf of Defendants. (*Id.*) The only difference is the *Naiman* Action requires class members to have received one or more of these calls on their cell phone where automatic dialing systems were used, whereas the *Johansen* Action requires class members to have received more than one call while being on the Do-Not-Call Registry. (*See id.*) These classes would necessarily overlap as to any individual who received more than one call on his or her cell phone that was on the Do-Not-Call Registry.

*Second*, the two actions involve similar questions of fact and law. Both cases involve allegations that Defendants violated the TCPA based on the same calling activity of Renovation in its efforts to generate leads for Blue Raven. In both actions, the named plaintiff alleges that Renovation—not Blue Raven—placed the calls at issue. (*See* Payson Decl., Ex. A ¶¶ 47-63; *id.*, Ex. B ¶¶ 63-67.) The slight difference in the issues between the cases are that Renovation allegedly violated the TCPA's prohibition on placing marketing calls to cell phones without adequate consent in the *Naiman* Action (47 U.S.C. § 227(b)(1)(A)(iii)), and violated the TCPA's prohibition on placing calls to cellular and residential subscribers who have registered their

9

phone numbers on the national Do-Not-Call registry in the *Johansen* Action (47 C.F.R. §§ 64.1200(c)(2) & (e)).

*Third*, Defendants' defenses will substantially overlap in both cases despite plaintiffs' slightly different TCPA claims. In both actions, Blue Raven's defense that it is not vicariously liable for the actions of Renovation will be dispositive. To establish vicarious liability under the TCPA, a plaintiff must prove an agency relationship through federal common law agency principles—(1) actual authority, (2) apparent authority, or (3) ratification. *See Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 449 (9th Cir. 2018). As explained in detail in its pending Motion for Summary Judgment in the *Naiman* Action, Blue Raven's contract with Renovation precludes any theory of actual authority for Renovation's calls. (Payson Decl., Ex. D at 13-17.) Similarly, Blue Raven never manifested to either plaintiff that Renovation was working on its behalf. (*Id.* at 17-20.) Lastly, Blue Raven could not have ratified Renovation's actions because Renovation was never its agent. (*Id.* at 20-27.) Even if it is determined that Blue Raven may be held vicariously liable for Renovation's calling activity, it will be a defense to the merits of both sets of TCPA claims that Renovation obtained proper consent from putative class members and the named plaintiffs. *See* 47 U.S.C. § 227(b)(1)(A) (excepting from liability under TCPA's restrictions of autodialed calls to cellular numbers calls made with "prior express consent of the called party"); 47 C.F.R. 64.1200(c)(2)(ii) (providing defense to TCPA's Do-Not-Call restrictions by obtaining "prior express invitation or permission"); *Gulden v. Dickey's Barbeque Rests., Inc.*, 2018 U.S. Dist. LEXIS 218757, at *6 (D. Ariz. July 9, 2018) ("prior express invitation or permission, as expressed under § 64.1200(c)(2)(ii), the [Do-Not-Call] regulation the alleged violation is brought under pursuant to § 227(c)(5), is a complete defense to a plaintiff's TCPA claims").

*Fourth*, in both actions the parties will need to analyze the identical records of calls Renovation placed to identify which calls reached business lines (for which no liability can lie under plaintiffs' theories in either case, 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. §§ 64.1200(c)(2) & (e)), and which calls reached residential lines (for which no liability can lie

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 622-3150 FAX: (206) 757-7700

in the *Naiman* Action, 47 U.S.C. § 227(b)(1)(A)(iii)). The same depositions and written discovery relating to the relationship between Blue Raven and Renovation—which have already been provided in the *Naiman* Action—will likely have to be duplicated for the *Johansen* Action if the cases are not consolidated. (*See* Payson Decl. ¶ 4.)

There are no countervailing considerations of "inconvenience, delay, or expense" to any party based on a consolidation of the *Johansen* Action and *Naiman* Action. *See Harrington*, 2019 U.S. Dist. LEXIS 118331, at *15. To the contrary, absent consolidation, the overlap in factual issues and substantive defenses will entail redundant and inefficient discovery and motion practice in two cases currently proceeding before two sets of judicial officers. The actions should be consolidated to avoid these inefficiencies and the risk that substantially similar issues based on the same underlying factual and legal issues could be decided inconsistently.

**B.     Alternatively, the Cases Should Be Assigned to the Same Judicial Officers.**

Even if the Court determines that consolidation is not appropriate, the Court should assign both cases to a single district judge in accordance with local practice given the indisputable relatedness of parties and issues in the two actions. *See Willows Account*, 2014 U.S. Dist. LEXIS 76872, at *6; *Rkf Retail Holdings v. Tropicana Las Vegas*, 2016 U.S. Dist. LEXIS 200154, at *3 (D. Nev. May 10, 2016). As explained above, the Court may achieve substantial efficiency by having the same judicial officers that have been involved in the *Naiman* Action for nearly a year decide parallel and similar issues in the *Johansen* Action.

## IV.    CONCLUSION

The Court should grant this unopposed motion to consolidate the *Naiman* Action and *Johansen* Action before District Judge Jennifer A. Dorsey and Magistrate Judge Elayna J. Youchah given the substantial overlap in parties, claims, and legal and factual issues. In the alternative, District Judge Dorsey and Magistrate Judge Youchah should be assigned to both cases.

11

Dated: November 30, 2020

   /s/ Kenneth E. Payson
Kenneth E. Payson (admitted *pro hac vice*)
Davis Wright Tremaine LLP
920 Fifth Ave., Suite 3300
Seattle, WA 98104
(206) 757-8126
*kennethpayson@dwt.com*

James H. Moon (admitted *pro hac vice*)
Davis Wright Tremaine LLP
865 S. Figueroa St., Suite 2400
Los Angeles, CA 90017
(213) 633-6819
*jamesmoon@dwt.com*

Jeff Silvestri (Nevada Bar No. 5779)
McDonald Carano LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV 89102
(702) 873-4100
*jsilvestri@mcdonaldcarano.com*

*Attorneys for Defendant Blue Raven Solar, LLC*

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 622-3150 FAX: (206) 757-7700

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to all counsel of record as of the time of the filing.

/s/ Kenneth E. Payson
Kenneth E. Payson

DAVIS WRIGHT TREMAINE LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
(206) 622-3150 FAX: (206) 757-7700

13