UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Louis Naiman, <br><br>    Plaintiff <br>v. <br><br>Blue Raven Solar, LLC, et al., <br><br>    Defendants | Case No.: 2:19-cv-01643-JAD-EJY <br><br> [ECF No. 76] |
| Kenneth Johansen, <br><br>    Plaintiff <br>v. <br><br>Blue Raven Solar, LLC, et al., <br><br>    Defendants | Case No.: 2:20-cv-02116-JCM-BNW <br><br> [ECF No. 41] |

**Order Consolidating Actions**

These Telephone Consumer Protection Act (TCPA) cases seek to hold Defendant Blue Raven Solar, LLC vicariously liable under the TCPA for the calling activities of Defendant Renovation Referral, LLC and its owner. They involve the same defendants, and the plaintiffs are represented by the same attorneys and seek to represent an overlapping national class of individuals whom Renovation allegedly called as part of its lead-generation activities for Blue Raven. The actions are pending before different judges in this district. Blue Raven moves to consolidate these cases, and that motion is unopposed. Because I find that consolidation is merited and will conserve judicial and litigation resources, I grant the motion and consolidate these cases for all purposes under the earlier-filed action.

Federal Rule of Civil Procedure 42(a) governs the consolidation of separate actions. When two cases "involve a common question of law or fact," district courts may join them for

any or all matters at issue, consolidate the suits, or issue any other order that would prevent unnecessary cost or delay.[1] The threshold question is whether the cases involve common questions of law or fact.[2] If common questions exist, the court must balance the savings of time and effort that consolidation will yield against any inconvenience, delay, confusion, or prejudice that may result.[3] "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases."[4]

The movants have demonstrated that these cases involve common questions of law and fact and that their consolidation would be economical. So I find that consolidation is warranted. IT IS THEREFORE ORDERED that **the Unopposed Motion for Consolidation [ECF No. 76 in Case No.: 2:19-cv-01643-JAD-EJY, and ECF No. 41 in Case No.: 2:20-cv-02116-JCM-BNW], is GRANTED. These actions are consolidated for all purposes under Case No. 2:19-cv-01643-JAD-EJY,** and before District Judge Jennifer A. Dorsey and Magistrate Judge Elayna J. Youchah.

Dated: December 4, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[1] Fed. R. Civ. P. 42(a).
[2] *Id.*
[3] *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).
[4] *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).